IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CODY L. REEVES                                                                        PLAINTIFF

v.                              CIVIL NO. 5:23-05027-TLB-CDC

MARTIN J. O'MALLEY, Commissioner
Social Security Administration[1]                                            DEFENDANT

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff, Cody Reeves, appealed the Commissioner's denial of benefits to this Court.  On January 12, 2024, U.S. District Timothy L. Brooks adopted the undersigned's Report and Recommendation, remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF Nos. 18, 19).

1.      **Background**

On April 11, 2024, Plaintiff filed a Motion seeking an award of attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA").  (ECF No. 20).  Defendant responded on April 18, 2024, offering no objections to the Motion. (ECF No. 22).  The Motion has been referred to the undersigned for Report and Recommendation.

2.      **Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The

---

[1] Martin J. O'Malley has been appointed to serve as Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

[Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.")  An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . .  "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* U.S.C. § 2412(d)(2)(A).  A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  *Id*.  A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per

hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See*

*Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990).  Pursuant to General Order 39[2], which

references the CPI- South Index, the Court has determined that enhanced hourly rates based on a

cost-of-living increase is appropriate.

**3.     Discussion**

In the present action, Plaintiff's case ultimately was remanded to the Social Security

Administration. (ECF No. 19).  The Court first construes Defendant's lack of objection concerning

substantial justification and prevailing party status as an admission that the Government's decision

to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Despite Defendant's lack of objection, the undersigned reviews Plaintiff's Motion which

seeks compensation for 22.2 hours of itemized legal work completed during 2023 at the hourly

rate of $236, and 1.7 hours of legal work during 2024 at an hourly rate of $245.  Hourly rates are

authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General

Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504.  Here, the Court finds

the CPI-South Index authorized an hourly rate of $236 during 2023 and $245 during 2023 and will

employee these hourly rates when calculating fees.

After independent review of Plaintiff's itemized submissions, the Court finds counsel's

work was reasonable and necessary and resulted in remand of Plaintiff's case.  The undersigned

recommends that Plaintiff be awarded attorney's fees for 22.2 hours of legal work performed by

---

[2] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2023 – 288.205 x 125 divided by 152.4 (December 2022 CPI – South) = $236.39/hour ~ $236.
2024 – 298.754 x 125 divided by 152.4 (December 2023 CPI – South) = $245.04 ~ $245.00.

counsel during 2023 at the rate of $236, and 1.7 hours performed during 2024 at the hourly rate of $245.

The Court thus recommends that Plaintiff's Motion for Attorney Fees (ECF No. 20) be **GRANTED,** and **Plaintiff awarded $5,655.70 in attorney's fees with this amount paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.** Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant. However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

RECOMMENDED the 18th day of April 2024.

_Christy Comstock_
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4